UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CR-20468-PCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER NASH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** was before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Christopher Nash in this case. A change of plea hearing was convened on November 15, 2024, but adjourned when Mr. Nash informed the undersigned that he had not been receiving his blood pressure medication and was suffering from a migraine as a result. The hearing resumed on November 20, 2024. The undersigned makes the following findings and recommends that the guilty plea be accepted.

1.    This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the

case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. Proc. 11.

3. Defendant pled guilty to the sole count of the Indictment, which charges him with assault resulting in serious bodily injury, in violation of Title 18, United States Code Section, Section 113(a)(6). The Court advised Defendant that the maximum sentence that may be imposed is a sentence of ten years imprisonment, followed by a term of supervised release of up to three years; a fine of up to $250,000; and a mandatory special assessment of $100.00. Defendant was also advised of the possibility of restitution and forfeiture. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. The Court advised Defendant that every crime is made up of elements, each of which the Government would be required to prove beyond a reasonable doubt at trial. The Court informed Defendant that the essential elements of the crime to which Defendant is pleading guilty are: (1) Defendant intentionally assaulted the victim described in the indictment; (2) Defendant's acts resulted in the victim suffering serious bodily injury; and (3) the assault took place on a place of federal jurisdiction, specifically, the Veterans Administration Medical Center in Miami-Dade County.

5. To determine if Defendant is competent to plead guilty, I inquired about his history of mental health diagnoses and treatment. He provided a complex history that includes several significant diseases, including his pursuit of treatment services from the VA for possible dementia. Defendant expressed that he was not experiencing any symptoms relating to any mental disease or condition and that he was thinking clearly. His counsel indicated that she had no reason

to doubt his competency to plead guilty.

6. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

7. The Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with her.

8. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

9. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

**THEREFORE**, it is hereby:

**RECOMMENDED** that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the sole count of the Indictment filed in this case, as more particularly described herein, and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. Proc. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object

in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 22nd day of November, 2024.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: The Honorable Paul C. Huck
     Counsel of Record